IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN GATES, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROHM AND HAAS COMPANY, et al., | : | |
| Defendants | : | NO. 06-1743 |

GENE E.K. PRATTER, J.                                                                                       JANUARY 25, 2007

## MEMORANDUM AND ORDER

This proposed class action concerns claims of environmental pollution emanating from a plant operated by Rohm and Haas Company in Ringwood, Illinois. Pursuant to a pre-trial case management order, the parties are presently engaged in class-related discovery. In the course of that discovery, a dispute has arisen concerning the redaction by Rohm and Haas of material in the notebooks of its Corporate Remediation Project Manager, Carl Coker, other than information specifically relating to the Ringwood site. Plaintiffs have moved to compel production of the unredacted notebooks. Rohm and Haas opposes the motion, contending that (1) the redacted material has nothing to do with class certification issues and (2) in any event, information about sites other than Ringwood are not germane to this suit.

To begin the process of resolving this discovery dispute, the Court ordered Rohm and Haas to provide the Court with both the redacted and unredacted notebooks for an in camera review. Having completed that review, the Court concludes that the redactions are in all respects

consistent with Rohm and Haas's description of the redaction process it employed.[1]  The Court also concludes that disclosure of the redacted material will not advance the preparation for or resolution of the class certification issues that are the purpose of current discovery activities. Certainly, Plaintiffs have not offered any explanation as to how it could be.  Therefore, at this juncture the Court will deny the Motion to Compel, except to require Rohm and Haas to Bates-stamp all pages in all the notebooks and conform the disclosed pages with the appropriate Bates numbers assigned to those pages so that Plaintiffs' counsel will know the identifying numbers of pages not heretofore disclosed.

However, with a view to assisting the parties to reduce potential discovery disputes in the event this case proceeds beyond the class certification milestone into "merits discovery," the Court is prepared to outline the procedure now by which the Coker notebooks will be handled at that time.  Because the Court is not prepared to definitively interpret - - or, for that matter, translate - -the potential of the technical information in the Coker notes concerning other sites as

---

[1] Although other courts may have criticized permitting a litigant to exercise "unilateral" redaction, as reflected in cases cited by Plaintiffs, e.g., In re Medeva Sec. Litig., No. 93-4376-Kn, 1995 WL 943468 (C.D. Cal. May 30, 1995), this Court is not necessarily adverse to that option in the absence of some basis - - beyond the opponent's litigation-driven general suspicions - - to suspect that the redaction decisions were based on other than good faith.  Indeed, the party engaged in redaction activities who does not approach the task with scrupulous good faith does so at some considerable risk if and when the cavalier or casual conduct is discovered.  Moreover, an in camera review procedure is routinely available to test the efficacy of the redaction process. Frequently, the redaction option can expedite discovery by facilitating the commencement of the process without foreclosing subsequent discussions between the parties about specific redacted material, additional documents and the like.  In short, the redaction option remains, in the Court's view, a viable technique for managing the time and expense of the discovery process in many document-intensive cases.  To the extent the criticism is to the unilateral nature of the process, it is difficult to consider how the process realistically could be otherwise - - limiting what an opponent will see from a parties documents is hardly a collaborative activity between adversaries.

being clearly beyond the broad scope of discoverable material, i.e., information that may lead to the discovery of admissible evidence, currently redacted material may be subject production in response to specific subsequent discovery requests under the following restrictions.  The Court will permit disclosure pursuant to an appropriate protective order that restricts disclosure only to counsel and expert consultants and/or witnesses and for use only in this litigation.  The Court will also permit Rohm and Haas to continue to redact the information in the notebooks that identifies by name or other unequivocal reference the specific sites the information concerns, provided that Rohm and Haas assigns to each such redacted site name or identifier a coded designation on the documents to be disclosed, e.g., "Site 1", "Site 2", etc. to facilitate any necessary further discussion.

    To the extent the Court's intention with respect to the future possible handling of discovery concerning the notebooks is unclear, counsel may, of course, make inquiry of the Court as needed.  An Order consistent with this Memorandum follows.

BY THE COURT:


S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN GATES, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROHM AND HAAS COMPANY, et al., | : | |
| Defendants | : | NO. 06-1743 |

**O R D E R**

AND NOW, this 25th day of January, 2007, upon consideration of Plaintiffs' Motion to Compel Production of Carl Coker's Notebooks (Doc. No. 59) and the response of Rohm and Haas Company thereto (Doc. No. 63), for the reasons set forth in the accompanying Memorandum, the Motion is **DENIED**, except to require Rohm and Haas to undertake the Bates-stamp process described in the Memorandum.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*