IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN GATES, ET AL., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROHM AND HAAS COMPANY, | : | |
| ET AL., | : | |
|     Defendants | : | NO. 06-1743 |

**MEMORANDUM AND ORDER**

PRATTER, J.                                                                                                   JULY 30, 2008

In this putative class action, Glenn and Donna Gates, on behalf of themselves and all others similarly situated, sued Rohm and Haas Company, Rohm and Haas Chemicals, LLC, and Morton International, Inc. (collectively, "Rohm and Haas"), and Modine Manufacturing Company among others[1] pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, and state law for damages allegedly resulting from contamination of their drinking water by pollutants that the Defendants allegedly generated and released.

Rohm and Haas filed a Motion for Partial Summary with respect to the Plaintiffs' common law property claims, contending that these claims fail as a matter of law because Illinois does not recognize tort claims based on stigma alone – that is, exclusively *economic* harm.  The Plaintiffs oppose the motion.  For the reasons discussed more below, the Court will deny the motion.

---

[1] Defendants Huntsman and Huntsman Polyurethanes were dismissed without prejudice by stipulation on March 23, 2007 (Docket Nos. 91 and 93).

**RELEVANT FACTS**

Very few facts in this case are undisputed.[2] As pertains to this motion, there are genuine factual issues as to many of the facts material to resolution of the Plaintiffs' common law property damage claims.[3] Notably, there is a genuine dispute as to whether present levels of airborne vinyl chloride in McCollum Lake Village are below background levels and, accordingly, whether there is current *airborne* vinyl chloride "contamination." It is undisputed, however, that at present no vinyl chloride or vinylidene chloride has been detected in any well in McCollum Lake Village. (Def. Mot. & Pl. Response at ¶ 3.) Thus, it is undisputed that any alleged *groundwater* contamination is purely historical. (Id. at ¶ 4.)

The proposed property damage class consists of "[a]ll persons who presently own real property within McCollum Lake Village ('Village'), or who owned real property within the Village as of April 25, 2006 through the present." (Id. at ¶ 1.)

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[2] The factual background of this case has been discussed at length in the Court's prior opinions. Accordingly, the Court will not recite all of the facts again here.

[3] There is much discussion in this litigation of the presence or absence of certain levels of chloride in the Village wells. Specifically, there seems to be some dispute as to whether elevated levels of chloride in the Village wells constitutes "contamination." (See Def. Mot. & Pl. Response at ¶ 6.) It is undisputed, however, that except for one well, none of the Village wells tested thus far have levels of chloride above USEPA drinking water limits. (Id. at ¶ 9.) The level-of-chloride issue is irrelevant at this time because the Court concludes that there is sufficient evidence of a litigable issue as to present airborne vinyl chloride contamination and, therefore, summary judgment is inappropriate.

matter of law." Fed. R. Civ. P. 56(c).  A party seeking summary judgment always bears the initial responsibility for informing the Court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  After the moving party has met this initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

The evidence provided by the nonmovant is to be believed, and the Court must draw all reasonable and justifiable inferences in the nonmovant's favor, Anderson, 477 U.S. at 255, and resolve all "doubts and issues of credibility against the moving party," Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 874 (3d Cir. 1972).  The Court's function "is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  Brooks v. Kyler, 204 F.3d 102, 105 n.5 (3d Cir. 2000).

Pursuant to Rule 56(d), a party may also move for partial summary judgment.  The Court may grant partial summary judgment by ruling on issues where the facts are substantially uncontroverted, including the amount of damages or other relief.  See Kramer v. Newman, 840 F. Supp. 325, 327 (E.D. Pa. 1993) ("a court may, in appropriate cases, render partial summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure") (citing Cohen v. Board of Trustees, 867 F.2d 1455 (3d Cir. 1989) (en banc)), aff'd by 16 F.3d 404 (3d Cir. 1993).

**DISCUSSION**

The Plaintiffs sued Rohm and Haas for public and private nuisance, negligent and intentional trespass, strict liability, negligence and negligence per se for damages arising out of alleged continuing airborne vinyl chloride contamination and past groundwater contamination.

The Plaintiffs contend that this "physical invasion" of their property by a carcinogenic contaminant caused a diminution in value of their property, in part due to the stigma caused by the alleged contamination.

Rohm and Haas moves for partial summary judgment on Plaintiffs' "property damage claim" on the grounds that Illinois law does not recognize a cause of action for "economic harm" absent physical damage. According to Rohm and Haas, the Plaintiffs' "property damage claim" fails because there is no evidence in the record of any physical injury to accompany the alleged economic injury (the diminution in value of the property due to "stigma" associated with the alleged contamination).

Rohm and Haas's motion fails because it is premised on three faulty assumptions: (1) that "Plaintiffs concede their properties are not contaminated with hazardous substances"; (2) that Plaintiffs "do not allege actual physical damage to their properties from any hazardous substances;" and (3) that "Plaintiffs' properties have not suffered permanent or ongoing physical damage." (Def. Mem. 10, 11.) The first issue is the basic factual question of whether there is sufficient evidence of "present" contamination. The second issue is whether any such contamination constitutes a "physical injury." And, finally, the third issue is whether diminution in value is an appropriate measure of damages based on the type of harm alleged. Each of these issues is discussed in turn.

### A. "Present" Contamination

The fundamental factual question here is whether there is sufficient evidence of permanent or ongoing physical injury to the Plaintiffs' property. Rohm and Haas does not contest, at least for purposes of this motion, that there is ample evidence in the record of *past*

physical injury to the Plaintiffs' property in the form of groundwater contamination. Pennsylvania law, like Illinois law, generally requires "proof of some real physical damage to plaintiffs' land, some damage that exists in fact, as opposed to damage caused by negative publicity alone." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 797-98 (3d Cir. 1994). Under Pennsylvania law, this initial physical damage can be temporary and need not exist at the time of the lawsuit. Id. It is unclear, however, whether under Illinois law such past physical injury, coupled with ongoing economic harm, suffices to permit pursuit of economic losses in tort.

Whether Plaintiffs' properties have been and continue to be contaminated with vinyl chloride, a hazardous substance, is a material fact that is "actually and in good faith controverted." Fed. R. Civ. P. 56(d). Accepting the Plaintiffs' proffered evidence as true, as the Court must in the context of summary judgment, the evidence in the record demonstrates a reasonable possibility that airborne contamination remains.

Consequently, the Court need not decide at this time whether under Illinois and/or Pennsylvania law a permanent or ongoing (i.e., "present") physical injury is a required element of each of the various common law property torts. While there very well may be differences between Illinois and Pennsylvania law, any such differences are immaterial at this stage of the proceedings because there is a genuine issue of fact as to whether there is ongoing airborne contamination.[4]

---

[4] The Court also declines to rule on this particular issue because it has not been adequately briefed by the moving party. Rohm and Haas fails to identify the specific causes of actions at issue, or clearly articulate its position as to the relevance of physical injury with respect to each of the Plaintiffs' seven "property damage" claims. It is also not clear from the motion whether Rohm and Haas contends that physical injury is an *element* of each tort cause of action, or whether economic loss is simply not an appropriate measure of damages in the absence of an ongoing physical injury. While the motion does not lack for argumentative zeal, it does not

B.     **"Physical" Injury**

Even assuming past and present vinyl chloride exposure, the Court must determine whether such exposure constitutes a "physical injury" for purposes of stating common law tort claims.

As an initial matter, the presence of *harmful* chemicals in property loss actions is treated differently than the presence of non-hazardous materials. LeClerq v. Lockformer Co., No. 00-7164, 2002 WL 907969, at *4 (N.D. Ill. May 6, 2002). Notably, there is no requirement that a hazardous chemical be perceptible to the senses. Id. Holding that the presence of an undetected hazardous chemical can support a claim for nuisance, the LeClerq court stated:

> In the present case, the class area has certainly been physically invaded by a substance that interferes with the property owners' use and enjoyment of the land. The fact that the TCE was not immediately perceptible to the senses or . . . that certain class members stated that their well water "tasted good" is simply irrelevant when there is evidence of actual physical invasion of class area property by TCE. Plaintiffs present substantial evidence of invasion of the use and enjoyment of class area property that is both substantial and unreasonable.

Id. Where the invading substance is a hazardous chemical, to demonstrate interference with use and enjoyment of the property, a plaintiff must show *either* a physical invasion *or* an invasion by something otherwise perceptible to the senses, but not necessarily physical, like noise or vibrations. See id. Moreover, in contrast to the standards for medical monitoring claims, the exposure level need not necessarily present a health risk to make out a property damage claim.[5]

---

sufficiently address important nuances to demonstrate its principle premise – that there is no "present" contamination in McCollum Lake Village.

   [5] But see Rockwell Int'l Corp. v. Wilhite, 143 S.W.2d 604, 620, 627 (Ky. App. Ct. 2003) (finding that although polychlorinated biphenyls ("PCBs") are a carcinogen and pose a health

Here, because there is sufficient evidence in the record to establish that vinyl chloride is a carcinogen and thus a "hazardous" chemical, the Plaintiffs need only show that vinyl chloride was and continues to be physically present on their properties. As previously discussed, there is sufficient evidence in the record to conclude that in addition to past groundwater contamination, there is air contamination that continues into the present. Therefore, the Court concludes that the physical presence of vinyl chloride in the air, even if undetectable, constitutes a physical injury to the property for purposes of common law property damage claims. See id. (citing Nutrasweet Co. v. X-L Engineering Corp., 933 F. Supp. 1409, 1424 (N.D. Ill. 1996)).

### C. The Appropriate Measure of Damages

With respect to the second issue, concerning the appropriate measure of damages, the Court concludes that in the context of the present case, under either Illinois or Pennsylvania law, diminution in value is an appropriate measure of damages.

Under Pennsylvania law, the standard damages rule looks to whether the harm is "permanent" or "repairable," and determines the measure of damages accordingly. If the harm is "permanent," the measure of damages is diminution in value. Pennsylvania Dep't of Gen. Servs. v. United States Mineral Prods. Co., 898 A.2d 590, 595 (Pa. 2006) (citing Lobozzo v. Adam Eidemiller, Inc., 263 A.2d 432, 437 (Pa. 1970)). Where the harm is repairable, "damages are

---

risk at higher concentrations, minute quantities of PCBs on plaintiffs' properties did not constitute nuisance because a person of ordinary health and sensitivities would experience no interference with his or her use of the property and there was no scientific basis for concluding plaintiffs' properties could not be used for their ordinary purposes); Rose v. Union Oil Co., No. 97-2808, 1999 U.S. Dist. LEXIS 967, at *3-4, *17 (N.D. Cal. Jan. 29, 1999) (finding defendant's contamination was not a risk to health or harm to plaintiff's property because concentration of petroleum residues was too low to constitute substantial endangerment and plaintiffs were not deprived of any use of property because contaminants could not be seen or smelled).

assessed according to the lesser of the cost of repair or the market value of the affected property." Id. (citing Lobozzo, 263 A.2d at 437, n.6).[6]

The Pennsylvania Supreme Court, however, "has rejected fixed and formulaic rules when it is determined that they are not setting an appropriate, compensatory standard," and has recognized the "many nuances and significant latitude associated with valuation for the purpose of calculating damages." Id. at 600. Moreover, the classification of damage as "permanent" or "repairable" requires a fact-intensive inquiry, and "[w]hether or not an injury to real property is 'permanent' is an issue for the trier of fact." Duquesne Light Co. v. Woodland Hills Sch. Dist., 700 A.2d 1038, 1053 (Pa. Commw. Ct. 1997).

There is no material difference on this issue under Illinois law. In Illinois, "[w]henever a harm to land occurs from a past invasion, the elements of damage to be considered are the difference in the value of the land before and after the harm, the loss of the use of the land, and the discomfort and annoyance to the part harmed as an occupant." Statler v. Catalano, 521 N.E.2d 565, 404 (Ill. App. 1988) (citing Restatement (Second) of Torts § 929) (1979)). In general, where the alleged nuisance[7] is permanent, the appropriate measure of damages is "the depreciation in market value of the property affected by the nuisance." O'Brien v. City of O'Fallon, 400 N.E.2d 456, 459 (Ill. App. 1980). Conversely, "damages for a temporary

---

[6] The Pennsylvania Supreme Court also has recognized an exception to the standard rule, which permits under certain circumstances a cost-of-repair theory of damages even where the damage is permanent or where the cost of repair exceeds the actual value of the property. Mineral Prods. Co., 898 A.2d at 599. No party has asserted that this exception applies in the present case.

[7] Under Illinois law, the measure of damages is the same for nuisance and negligent trespass claims. First Baptist Church v. Toll Highway Auth., 301 Ill. App. 3d 533, 544 (Ill. App. 1998).

nuisance, where the owner has resided on the property during the period when it was damaged by a nuisance, are measured by the owner's discomfort and the deprivation of the healthful use and comforts of his home." Id.

Under Illinois law, however, as under Pennsylvania law, the categorization of harm as "permanent" or "temporary" is not always dispositive. See Myers v. Arnold, 403 N.E.2d 316, 321 (Ill. App. 1980) ("[C]ourts must be mindful of the fact that rules governing the proper measure of damages in a particular case are guides only and should not be applied in an arbitrary, formulaic, or inflexible manner, particularly not where to do so would not do substantial justice.") (citing Roark v. Musgrave, 355 N.E.2d 91, 94 (Ill. App. 1976)).

Thus, there is no material difference between Illinois and Pennsylvania law as to the rules governing the appropriate measure of damages. Applying those rules to the present case, it is clear that summary judgment is inappropriate as to the appropriate measure of damages at this early, pre-merits discovery stage.

**CONCLUSION**

Genuine disputes as to many material facts, such as the present level of airborne vinyl chloride contamination and past levels of air and groundwater contamination, preclude summary judgment on the Plaintiffs' property damage claims.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN GATES, ET AL., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROHM AND HAAS COMPANY, | : | |
| ET AL., | : | |
|     Defendants | : | NO. 06-1743 |

## ORDER

AND NOW, this 30th day of July, 2008, upon consideration of the Rohm and Haas Motion for Partial Summary Judgment (Docket No. 192) and the Plaintiffs' response thereto (Docket No. 209), it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE